JAMES G. HUTCHINS, Adm'r, &c., et al., Appellants, *v.* ROBERT BROOKS.

1. ADMINISTRATOR'S SALE: CAVEAT EMPTOR.—The maxim of *caveat emptor* applies, in its fullest extent, to all sales made by executors and administrators, they being not bound, or even authorized by law, to make any statement in their official capacity in relation to the quality of property sold by them.

2. SAME: FRAUD IN, DOES NOT RELEASE PURCHASER.—A fraud committed by an administrator, in the sale of personal property belonging to his intestate, by a misrepresentation of its quality, is no defence to the buyer against the payment of the purchase-money; the administrator may bind himself personally by such statements, but not the estate.

3. ADMINISTRATOR'S SALE OF SLAVES: WHEN NOTICE NECESSARY.—The Probate Court may make a valid order for the sale of the slaves of a deceased person for the payment of debt, upon the *ex parte* application of the administrator, without notice to the distributees; notice to them being necessary only when the slaves are sold for distribution.

4. PROBATE COURT: JUDGMENT OF, PRESUMED CORRECT.—The action of the Probate Court, in reference to the administration of an estate, must be presumed to be correct until the contrary is shown; hence, where the order for a sale of slaves (made without notice to the heirs) does not show for what purpose the sale is made, it will be presumed to have been made for the payment of debts; the court having authority to make an order of sale for that purpose without notice.

APPEAL from the Chancery Court of Leake county. Hon. E. G. Henry, chancellor.

The appellee, Robert Brooks, filed his original and amended bill in the court below, against James G. Hutchins, administrator of ———— Hutchins, deceased; and also against the heirs at law of said Hutchins, seeking a rescission of a contract of the sale of a certain slave, made by the administrator to him. He charged that he was entirely unacquainted with the said slave; had never seen her until she was being sold at auction, when he bid the sum of five hundred dollars, at which price she was struck off to him; that he gave his bond and security therefor; that said slave was at the time unsound and badly diseased, and utterly worthless; that this fact was well known to the administrator and the other defendants, who fraudulently concealed it from the bidders; that soon afterwards he discovered the unsoundness, and immediately

offered to return the slave, and demanded the giving up and cancellation of his bond, which was refused by the administrator; that said sale was not made for the payment of the debts of the intestate, there being sufficient other assets for that purpose; that the administrator was a distributee of said estate, and made the sale fraudulently, with the view, and for the express purpose of increasing the amount for distribution, and the amount on which he should be allowed commissions; that the order for the sale was made on the day of the appointment of the administrator, and was void for want of notice to the distributees, and that therefore the complainant obtained no title; that the amount for which said slave was sold was not needed for the payment of debts, but was a fund for distribution among the defendants.

The order of the Probate Court directing the sale, was in the following words:—

"Ordered, that James G. Hutchins be, and he is hereby authorized to sell at public sale, all the personal property of John Hutchins, deceased."

The defendant demurred both to the original and amended bill, for want of equity on the face thereof; and the demurrer being overruled, they appealed.

*R. C. Perry* and *R. S. G. Perkins*, for appellants,
Filed no brief.

*H. A. H. Lawson*, for appellee,
Cited 1 Story, Eq. Jur. 200; *Waters* v. *Maltingby*, 1 Bibb, 244; 5 S. & M. 17.

FISHER, J., delivered the opinion of the court,

This is an appeal from a decree of the Circuit Court of Leake county, overruling demurrers to the complainant's original and amended bills.

The object of the bills was, to have cancelled a contract between the parties, relative to the purchase of a slave by the complainant, at a public sale made by the appellant, James G. Hutchins, as

administrator of the estate of John Hutchins, deceased, on the ground that the slave was, at the time of the sale, badly diseased; and this fact being known by the administrator, was by him concealed from the complainant and other bidders at the said sale.

The maxim of *caveat emptor* applies in its fullest extent to all sales made by executors and administrators, and mere silence cannot be construed into a fraud. The administrator is not bound to state any thing in regard to the quality of the property sold; and this being the case, he cannot commit a fraud by his silence. If he venture to make statements by which others are misled, he may thereby bind himself personally, and may be subjected to personal liability, at the suit of the injured party. But he has no authority to bind the estate either by an express or implied warranty of the soundness of the property sold.

It is next said, that the order of the Probate Court is silent as to the object for which the sale was made, and that the order is therefore void. It appears from the bill itself, that the order of sale was made on the same day the appellant qualified as administrator of the intestate's estate. In the absence of proof to the contrary on the records of the Probate Court, we must presume that the court acted correctly; and having full authority to order the sale of the personal estate for the payment of debts, that the sale was ordered for this purpose. It is again said that no notice was given to the distributees before making the order of sale. By the rules of the common law, an administrator was not restricted as to the mode of selling the estate in his hands, and the statute must therefore be construed with reference to the common law on this subject. The administrator is not allowed to take the estate at its appraised value, or to sell at private sale, but must, when it is necessary to sell the estate, obtain an order of the Probate Court. Nothing is said as to notice to the distributees. Hutch. Code, 669, § 109. Notice is only required when slaves are sold for division; Ib. 661, § 82; and the proceeding in such case being an act of distribution, is usually commenced in the name of some one, or all of the distributees, against the administrator.

In regard to the statement in the bill, that the object of the sale was to swell the amount for distribution, and the commissions of

the administrator, these points require no notice. They are both questions for adjudication by the Probate Court; and the last objection wholly destitute of point or merit, as the administrator is allowed commissions on the inventory, and not on the sale.

Decree reversed, and bill dismissed.